ABRAHAM FREIDMAN et al., &c., appellants,

*v.*

MAX SLAFF et al., respondents.

[Decided March 3d, 1924.]

On appeal from an order of the court of chancery advised by Advisory Master Stevenson, who filed the following opinion:

"My conclusion in the above-stated cause is that the complainants have failed to establish their case by sufficient evidence and that therefore the bill of complainant must be dismissed.

"1. A complete discussion of the pleadings and evidence in this case, the study of which has brought me to the conclusion above stated, will not be attempted. The case is in many respects perplexing and difficult. The bill of complaint is extremely unsatisfactory and defective and indicates (although this may be a mistake), that the definite claims advanced on behalf of the complainants by their counsel in his argument and brief were not at the start clearly defined.

"When we come to the evidence we find a large number of matters of fact about which the complainants and the defendant Max Slaff contradict each other flatly. It is difficult to adopt any theory which will explain these contradictions and absolve the parties, or one of them, from the charge of willful perjury.

"After perusing and reperusing the record in this case, I find it impossible to satisfy myself on which side the truth lies. The burden being upon the complainants, under a well-settled rule, to convince the court by a preponderance of evidence of the correctness of their contention, I can only say that after having given to the cause the most careful study and consideration in my power, my mind remains uncon-

vinced in respect to the propositions of fact upon which any decree for the complainants must be based. It must be conceded most amply that this conclusion of fact may be erroneous. If the truth could be established, it may be that the complainants by the dismissal of their bill lose a remedy to which they are entitled. Such a result often is reached in courts of law and courts of equity because of the necessarily imperfect instruments and processes which must be employed in the attempt to administer justice.

"2. If, viewing this case in one aspect, there is room to argue that the remedy which the complainants ask for is within the discretion of the court, it may be worth while to note that the amount of money which the complainants claim they supplied for the purchase of these lands is very small—that there is no dispute between the parties as to the amount of this fund, which the defendant claims was a personal loan for which he is liable and which it does not appear he cannot readily pay.

"3. I find in this case no fiduciary relation which could materially affect business transactions between the complainants and their uncle, the defendant Max Slaff. The complainants have been in business for five or six years or more and apparently have been successful. From time to time they have lent money to their uncle. They appear to be shrewd, strong-minded young men, abundantly able to take care of themselves in a business transaction. The important point in this connection is that these complainants, according to their own admission, saw fit to disregard the most obvious, well-settled rules of business, which all men should follow in matters so important as the purchase of twenty or thirty thousand dollars worth of real estate. The amount of money which they put in is trifling compared with the amount paid, or to be paid, by the execution or assumption of mortgages by the defendant Max Slaff. The complainants are not children who confidingly committed themselves to their uncle. They knew that they were doing business and they deliberately refrained from taking any writing, even a receipt, to show the character of the small advance of money which they

made. It may be remarked here that practically at the same time when the land in controversy was purchased the defendant purchased a large and valuable property on account of himself and his nephews, the complainants, and in this transaction the complainants advanced $2,000, and subsequently the defendant executed an ample instrument showing the interests of both parties in the purchased land.

"I think that it is safe to state that the sound policy of the law is to compel business men to transact business according to business rules. Courts of equity in large numbers of instances must protect women, children and incompetents from fraud perpetrated by cunning individuals, who take advantage of the trust and confidence reposed in them. In many such cases the statute of frauds is cast aside and when the facts are proved an ample equitable remedy is granted. This, in my judgment, is not that kind of a case. If any guessing is to be done I think that it should be against the claims of the complainants."

*Mr. Harry Weinberger,* for the appellants.

*Messrs. Backes & Backes,* for the respondents.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Advisory Master Stevenson.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK—12.

*For reversal*—None.